## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:05CR128 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MACHELLE D. MAGERS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court on August 24, 2005, on defendant Machelle Magers (Magers) petition to enter a plea of guilty. Prior to the hearing the court received letters from Magers addressed to Magistrate Judge Thalken and District Judge Smith Camp expressing dissatisfaction with Glenn Shapiro as Magers' counsel and requested the appointment of new counsel. At the start of the hearing on August 24, 2005, Magers reiterated her complaints. Mr. Shapiro orally requested to withdraw as Magers' counsel. After hearing from Magers and Mr. Shapiro, the court concluded that the attorney-client relationship was ruptured to the point that new counsel should be assigned to Magers. Magers completed a Financial Affidavit. After a review of the Financial Affidavit, I find that the above-named defendant is eligible for appointment of counsel pursuant to the Criminal Justice Act, 18 U.S.C. §3006A, and the Amended Criminal Justice Act Plan for the District of Nebraska. Magers also requested additional time for her new counsel to become familiar with her case before proceeding to trial. The change of plea hearing was canceled.

**IT IS ORDERED:**

1.  Magers' oral request for the appointment of new counsel is granted.

2.  Mr. Shapiro's oral motion to withdraw as counsel for Magers is granted.

3.  Magers' request for additional time is granted. Trial of this matter is re-scheduled before Judge Laurie Smith Camp and a jury **on November 1, 2005.** The ends of justice have been served by granting such request and outweigh the interests of the public and

the defendant in a speedy trial.  The additional **time** arising as a result of the granting of the request, i.e., the time between **August 24, 2005 and November 1, 2005,** shall be deemed **excludable** time in any computation of time under the requirement of the Speedy Trial Act for the reason that defendant's counsel requires additional time to adequately prepare the case. The failure to grant additional time might result in a miscarriage of justice.  18 U.S.C. § 3161(h)(8)(A) & (B).

4.      Mr. D. C. Bradford, III, 1620 Dodge Street, #1800, Omaha, NE 68102, (402) 342-4200, is appointed to represent Magers in this matter and shall forthwith file a written appearance in this matter.  Counsel's appointment herein is made pursuant to 18 U.S.C. §3006A(f).  At the time of the entry of judgment herein, Magers shall file a current and complete financial statement to aid the court in determining whether any portion of counsel's fees and expenses should be reimbursed by Magers.

**IT IS FURTHER ORDERED** that the Clerk shall provide a copy of this order to the Federal Public Defender and Mr. Bradford.

DATED this 25th day of August, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

2