## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR128 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| MACHELLE D. MAGERS, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing No. 47; Addendum to PSR).[1]  The government has adopted the PSR.  See "Order on Sentencing Schedule," ¶ 6.  The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The parties have objected to the quantity of controlled substance attributable to the Defendant in ¶ 43 and the base offense level 36.  The plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) requires a base offense level of 34 based on the parties' agreement that the Defendant be held responsible beyond a reasonable doubt for at least 1.5 but less than 5 kilograms of a substance containing methamphetamine.  The Court's tentative findings are that, absent unusual circumstances, the Rule 11(c)(1)(C) plea agreement should be upheld and the base offense level should be calculated as level 34.

---

[1]The Defendant's objections were not filed with the Court pursuant to ¶ 6 of the Order on Sentencing Schedule.

IT IS ORDERED:

1.      The Court's tentative findings are that the parties' objections (Filing No. 47; Addendum to PSR) to the PSR are granted insofar as the base offense level shall be 34 based on the amount set out in the Rule 11(c)(1)(C) plea agreement;

2.      The parties are notified that my tentative findings are that the PSR is correct in all other respects;

3.      If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.      Absent submission of the information required by paragraph 3 of this order, my tentative findings may become final;

5.      Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 23rd day of January, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

2